UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

SONYA L. REYNOLDS, *pro se*,

            Debtor.
_____/

SONYA L. REYNOLDS, *pro se*,

            Plaintiff,

v.

SALLIE MAE, INC., et al.,

            Defendants.
_____/

Case No. 12-66724

Chapter 7

Judge Thomas J. Tucker

Adv. Pro. No. 13-4208

**OPINION AND ORDER GRANTING AMERICAN EDUCATION SERVICES'
MOTION FOR SUMMARY JUDGMENT**

**I. Introduction**

     In this adversary proceeding, the Plaintiff seeks a determination that certain student loans are dischargeable due to undue hardship under 11 U.S.C. § 523(a)(8). Among the defendants named is Defendant American Education Services ("AES"). (*See* Pl.'s Am. Compl. (Docket # 49).) On July 24, 2013, AES filed a motion to dismiss Plaintiff's amended complaint as against itself under Fed. R. Civ. P. 12(b)(6), or alternatively, for summary judgment under Fed. R. Civ. P. 56 (Docket # 50, the "Motion"). Plaintiff filed a response to the Motion on August 1, 2013, opposing the Motion.

     On September 13, 2013, the Court entered an order entitled "Order Regarding Defendant American Education Services' Motion to Dismiss" (Docket # 64, the "September 13 Order"),

which provided notice to the parties that the Court intended to "treat the Motion as a motion for summary judgment under Fed. R. Civ. P. 56," and "to consider the exhibits attached to the Motion, which are outside of the pleadings, in determining whether the Motion should be granted."  The September 13 Order required Plaintiff to "file any supplemental response or brief, and any material that Plaintiff wants the Court to consider, and that Plaintiff contends is pertinent to the Motion, and which material is of a type that the Court may consider under Fed.R.Civ.P. 56(c)," no later than September 17, 2013.  The September 13 Order also required AES to "file any reply brief support of the Motion," no later than October 4, 2013.

Both parties filed supplemental briefs and materials (*see* Docket ## 65, 66, 68).  In addition, and most recently, on October 7, 2013, the Court held a final pretrial conference and entered a Final Pretrial Order (Docket # 74).

The Court concludes that a hearing on the Motion is not necessary.  The Court will grant the Motion because there is no genuine issue of material fact that AES is not the owner of any of the student loans at issue and is not a creditor of Plaintiff.

**II. Discussion**

In the Final Pretrial Order, Plaintiff stipulated, in relevant part, to the following facts regarding AES: (1) that Plaintiff took out two student loans: one from GMAC Bank ("GMAC") in the amount of $16,393.44; and the other from Charter One Bank, N.A. ("Charter One") in the amount of $33,149.17 (*see* Final Pretrial Order at 4 ¶¶ A, B, and G, 5 ¶ H); (2) that the GMAC loan was eventually sold to The National Collegiate Student Loan Trust 2006-2 ("NCT20062") (*Id.* at 4 ¶¶ C, D); (3) that the Charter One loan was eventually sold to The National Collegiate Student Loan Trust 2007-2 ("NCT20072") (*Id.* at 5 ¶¶ I, J); (4) that Pennsylvania Higher

Education Assistance Agency ("PHEAA") is the servicer of both loans (*Id.* at 4 ¶ F, 5 ¶ K); (5) that "AES is the division of PHEAA, which actually services [P]laintiff's loans for NCT20062 and NCT20072" (*Id.* at 5 ¶ L); (6) that "[a]s the loan servicer, AES does not own any right, title or interest in [P]laintiff's loans (*Id.* at 5 ¶ M); and (7) that "AES asserts no claim for payment of student loans due to AES from Plaintiff" (*Id.* at 5 ¶ M).

These same facts that the Plaintiff stipulated to in the Final Pretrial Order are also asserted in an affidavit entitled "Declaration of Michelle Marriot," which AES filed in support of the Motion. Ms. Marriott is an employee of AES. (Aff. (Ex. A of Docket # 50) at ¶ 1.) In her affidavit, Ms. Marriott declares in pertinent part:

> 4. AES is not the holder of the student loans [P]laintiff seeks to have discharged.
>
> 5. AES is merely a servicer for the collection of student loans due from [P]laintiff to National Collegiate Trust.
>
> . . .
>
> 12. PHEAA is the servicer of the securitized student loans transferred to NCT20062[.]
>
> 13. AES is the division of PHEAA, which actually services plaintiff's loan for NCT20062.
>
> . . .
>
> 19. PHEAA is the servicer of the securitized student loans transferred to NCT20072[.]
>
> 20. AES is the division of PHEAA, which actually services [P]laintiff's loan for NCT20072.
>
> 21. As the loan servicer, AES does not own any right, title or interest in [P]laintiff's loans.

3

> 22. AES asserts no claim for payment of student loans due to AES from [P]laintiff.

(Docket # 50 at Ex. A.)

Based on the stipulations in the Final Pretrial Order and the affidavit of Ms. Marriott, the Court concludes that there is no genuine issue of material fact that AES is only the servicer of the two student loans at issue, and not the owner of the loans or a creditor of the Plaintiff. Rather, the stipulations in the Final Pretrial Order and the evidence presented shows that National Collegiate Trust is the owner of the two loans at issue. Therefore, AES is entitled to judgment as a matter of law on Plaintiff's amended complaint. *Cf. Longo v. First Nat'l Mortg. Sources*, No. 07-4372, 2009 WL 313334, at *1, 5 (D.N.J. Feb. 6, 2009) (holding, in relevant part, that the defendant was entitled to summary judgment as a matter of law on the plaintiff's Truth In Lending Act claim because the defendant "presented evidence that it is a servicer of the loan at issue, not a creditor or an assignee of the loan").

Accordingly,

IT IS ORDERED that:

1. The Motion (Docket # 50) is granted.

2. Plaintiff's claims against AES in her amended complaint (Docket # 49) are dismissed, without prejudice to Plaintiff's right to file an adversary proceeding against National Collegiate Trust for a determination of dischargeability under 11 U.S.C. § 523(a)(8).

Plaintiff's claims against the Defendant Sallie Mae, Inc. remain pending for trial, which remains scheduled for October 22, 2013 at 9:00 a.m.

**Signed on October 11, 2013**　　　　　　　　　　　　**/s/ Thomas J. Tucker**
　　　　　　　　　　　　　　　　　　　　　　　　　　**Thomas J. Tucker**
　　　　　　　　　　　　　　　　　　　　　　　　　　**United States Bankruptcy Judge**